UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHANEL M.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:22-CV-5173-DWC

ORDER AFFIRMING DEFENDANT'S DECISION DENYING BENFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her applications for disability insurance benefits and supplemental security income. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Rule MJR 13, the parties have consented to proceed before the undersigned.

BACKGROUND

Plaintiff filed for disability insurance benefits and supplemental security income in March 2019 alleging she became disabled on April 1, 2018. Administrative Record (AR) 409-10. Her applications were denied initially, on reconsideration, and again following a hearing before

an Administrative Law Judge (ALJ) at which Plaintiff appeared telephonically, represented by counsel. AR 278-301, 337-39, 341-43, 350-51.

Plaintiff requested administrative review and on February 8, 2022 the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner. AR 1-7, 407-08; 20 C.F.R. §§ 404.981, 416.1481.

## STANDARD

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). However, the Commissioner's decision must be affirmed if it is supported by substantial evidence and free of harmful legal error. 42 U.S.C. § 405(g); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.,* 574 F.3d 685, 690 (9th Cir. 2009). The U.S. Supreme Court describes it as "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

## THE ALJ's FINDINGS

The ALJ found Plaintiff to suffer from the severe impairments of Fibromyalgia, Obesity, Degenerative Disc Disease of the Lumbar and Cervical Spine, Osteoarthritis Shoulders, Bilateral Carpal Tunnel Syndrome (Status Post Release), Depression, and Anxiety. AR 129.

The ALJ determined that Plaintiff had a residual functional capacity (RFC) to perform Sedentary Work; to lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently; to sit throughout an 8-hour day with normal breaks up to 8 hours of an 8-hour day; to stand and/or walk about 2 hours in an 8-hour day with normal breaks; to use a cane or walker in ambulation; to never climb ladders, ropes, or scaffolds; to occasionally climb stairs or ramps, reach overhead, balance, stoop, kneel, crouch, or crawl; to frequently handle bilaterally; to only occasionally be exposed to hazards such as dangerous moving machinery and unprotected heights; the ability to understand, remember, and carry out short, simple instructions; the ability to interact appropriately with coworkers and the general public on an occasional basis; the ability to maintain attention and concentration for routine work for 2-hour segments; and, the ability to respond appropriately to work pressures in a usual work setting and to respond appropriately to changes in a routine work setting AR 132.

At step five of the sequential evaluation the ALJ determined that Plaintiff could perform a significant number of jobs existing in the national economy, such as weight tester and sorter/inspector, and therefore she was not disabled. AR 140-41.

## DISCUSSION

The ALJ considered opinions and prior administrative findings from eight medical sources. AR 136-39. Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting portions of five of them, discussed below. Dkt. 14 at 4 -17.

I. Medical Evidence

   a. Standard

The regulations regarding evaluation of medical evidence were amended for claims protectively filed on or after March 27, 2017, such as this one. *See* 20 C.F.R. §§ 404.1520c(c),

416.920c(c). In the new regulations, the Commissioner rescinded Social Security Regulation (SSR) 06-03p and broadened the definition of acceptable medical sources to include Advanced Practice Registered Nurses (such as nurse practitioners), audiologists, and physician assistants. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263. The Commissioner also clarified that all medical sources, not just acceptable medical sources, can provide evidence that will be considered medical opinions. *See* 20 C.F.R. §§ 404.1502, 416.902; 82 F. Reg. 8544; 82 F. Reg. 15263.

Additionally, the new regulations state the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68 (Jan. 18, 2017); *see also* 20 C.F.R. §§ 404.1520c (a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c); 416.920c(c). The most important factors are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2).

Although the regulations eliminate the "physician hierarchy," deference to specific medical opinions, and assigning "weight" to a medical opinion[1], the ALJ must still "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical

---

[1] The Ninth Circuit recently held that "[t]he revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, 32 F. 4th 785, 787 (9th Cir. 2022), *petition for rehearing pending*. As a result, the Ninth Circuit concluded that the revised regulations displaced the longstanding case law requiring an ALJ to provide "specific and legitimate" reasons for rejecting a contracted physician's opinion or "clear and convincing" reasons for discrediting an uncontradicted physician's opinion. *Id.*

opinions." 20 C.F.R. §§ 404.1520c(a), (b)(1); 416.920c(a), (b)(1). The ALJ is specifically required to "explain how [he] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).

The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. § 416.920c(c)(1). Inversely, consistency involves a consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. § 416.920c(c)(2).

      b. <u>Analysis</u>

          i. <u>Roy Brown, M.D.</u>

On February 20, 2020 Roy Brown, M.D. (Brown) completed a medical questionnaire regarding Plaintiff's limitations after reviewing medical and other evidence covering the period from July 18, 2018 to February 20, 2020. AR 328-32. Brown acknowledged Plaintiff had degenerative disc disease in her cervical and lumbar spine, osteoarthritis in her left shoulder, was morbidly obese, and occasionally used an assistive device for balance on uneven surfaces. AR 329. On account of these conditions Brown opined Plaintiff was restricted to sedentary work with additional restrictions including no more than occasional handling with her right upper extremity. AR 328-30.

The ALJ did not credit Brown's opinion that Plaintiff was restricted to no more than occasional handling with her right upper extremity. AR 329-30. Notably, Brown did not point to any particular impairment as the cause of this handling limitation. *See* AR 329-30.

The ALJ rejected this limitation because she found it to be inconsistent with "evidence of improvement following bilateral carpal tunnel surgery in 2020." AR 137, 1038. According to Plaintiff, this was not a "legally sufficient" reason because it fails to account for the years

leading up to her carpal tunnel surgery, which could support "at least 2 and ½ years of [no more than] occasional handling with the right dominant hand [and therefore] a possible period of disability." Dkt. 14 at 6.

While this argument is facially compelling, the objective medical evidence indicates carpel tunnel issues were only "ongoing 4 months" prior to surgery in 2020. *See* AR 991, 994, 1001. As the Commissioner points out, the ALJ noted that "[p]rior to January 2020, the longitudinal record does not show complaints of carpal tunnel syndrome" (AR 135), and in fact Plaintiff exhibited normal grip strength (AR 135, 835), was able to pick up coins and make a fist with both hands (AR 135, 858), and had a good prognosis for being able to return to her prior level of functioning with physical therapy (AR 135, 1140).[2] Dkt. 18 at 6 (citing *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022)(confirming that a court "clearly err[s] by overlooking the ALJ's full explanation" including "all the pages of the ALJ's decision").

In light of these facts, the Court concurs with the Commissioner that Plaintiff's assertion that the ALJ improperly substituted her judgment for that of medical doctors misses the mark. Social Security regulations direct an ALJ to assess whether a doctor's opinion contains support and/or aligns with the overall record. *See* 20 C.F.R. §§ 404.1520c(a), (b)(2); 416.920c(a), (b)(2). The ALJ accomplished this by pointing to the lack of objective medical support for Brown's handling restriction as well as its inconsistency with the longitudinal record refuting this portion of Brown's opinion. Dkt. 18 at 7 (*citing* 20 C.F.R. § 404.1520c(c)(1)-(2)).

In sum, this Court finds the ALJ's assessment of Brown's opinion is based upon substantial evidence.

---

[2] The Commissioner also notes that some of the opinions Plaintiff argues should have been found more persuasive, such as Henegan and Fisher, discussed below, actually indicated she had no handling limitations. Dkt. 18 at 7 (citing AR 860, 870).

                ii.    Richard Henegan, M.D.

On January 31, 2020 Richard Henegan, M.D. (Henegan), performed a consultative examination of Plaintiff. AR 855-61. The ALJ found his resulting opinions only "partially persuasive". AR 139.

Plaintiff claims the ALJ failed to provide legally sufficient reasons for rejecting the following of Henegan's opinions: that Plaintiff could stand/walk less than two hours and sit less than two hours, should never stoop, and could only reach occasionally. Dkt. 14 at 10; AR 860.

In so doing, the ALJ reasoned that these limitations were not supported by the longitudinal record, explaining: "the record does not contain medical findings of stenosis or nerve root involvement, and other neurological examination findings to support these limitations". AR 139. The ALJ also found these limitations to be inconsistent with Henegan's own examination of Plaintiff, noting that Plaintiff "had normal sensory exam to pinprick and light touch in all extremities, and normal muscle bulk and tone for both upper and lower extremities". *Id*. Finally, the ALJ noted that another neurological examination more than a year after Henegan's—in February 2021—showed 5/5 bilateral upper and lower extremity strength, normal muscle bulk and tone, grossly intact sensation to touch throughout, and normal gait. *Id*.

In other sections of her decision the ALJ further noted that Plaintiff's gait was normal and unremarkable and that she ambulated without restrictions (AR 654, 657, 660, 835); that magnetic resonance imaging (MRI) scans revealed only degenerative disc disease and mild to moderate facet arthropathy and degeneration (AR 726, 845); that Plaintiff maneuvered from sitting to standing without assistance (AR 970); and that Plaintiff had full strength in the bilateral upper and lower extremities, full range of motion of all joints, normal muscle bulk and tone, and grossly intact sensation to light touch throughout (AR 783, 974, 1095). AR 134-39.

Plaintiff argues this reasoning does not explain why the ALJ rejected Henegan's opinion that Plaintiff could never stoop and could only occasionally reach. Dkt. 14 at 11. However, the Court concurs with the Commissioner that the lack of supportability in Henegan's own examination, together with the lack of consistency with the longitudinal, record were legally sufficient reasons to reject such extreme limitations. Dkt. 18 at 9.

Accordingly, this Court finds the ALJ's assessment of Henegan's opinion is based upon substantial evidence.

### iii. Lindsay Porter, M.D.

On May 20, 2020 Lindsay Porter, M.D. (Porter), issued a medical opinion on a check-the-box form provided by Plaintiff's attorney. AR 872. Porter opined that Plaintiff suffered from numerous functional limitations, many of which the ALJ did not credit. In particular, the ALJ rejected Porter's opinion that Plaintiff would be off-task greater than 30% of the workday, was likely to be absent five workdays per month, could not perform overhead reaching, and could not perform "handling" more than 20% of the workday. AR 138-39; 874-75.

Although Ported indicated on this form that she based her opinions on "History & Medical File", "Progress and office notes", and "Patient report" (AR 875), the ALJ found Porter's opinions to be inconsistent with her own progress notes, the objective evidence, and Plaintiff's "course of treatment", and was overly reliant upon Plaintiff's self-reports. AR 138-39. The ALJ explained:

> Dr. Porter indicated the claimant was undergoing rheumatology workup, but the previous **rheumatology consult in April 2019 did not establish inflammatory arthritis or autoimmune disease**, and inflammatory markers were negative (Exhibit 26F, page 4). The rheumatology consult in January 2021 diagnosed the claimant with right-sided hamstring tear and issued a referral for surgical repair (Exhibit 29F, page 6). **The elevated marker this visit was attributed to muscle breakdown from the tear.** Dr. Porter's opinions are also less persuasive due to inconsistencies with her progress notes and other provider's examinations,

>indicating normal gait and intact strength (Exhibit 10F, page 8; 32F, page 6 and 21). The May 20, 2020 progress note indicates that **Dr. Porter called the claimant to "review her limitations" when completing the form, which suggests the form is based on reported limitations** (Exhibit 20F, page 24).

AR 138-39 (emphasis added).

Plaintiff claims these were not "legally sufficient" reasons. Dkt. 14 at 15. She argues the ALJ should have deferred to Porter "and her referrals" because they "gave credence to Plaintiff's pain by witnessing it in her behavior and statements in the clinical context", by Plaintiff's "reliable attendance" at her medical appointments, and by the fact none of her providers "ever found Plaintiff not credible in her pain and fatigue claims." Dkt. 14 at 15. In so arguing, Plaintiff suggests the ALJ supplanted her own "medical opinion" for Porter's. *Id*. (citing *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (holding an ALJ erred in rendering his own medical opinion) and *Rohan v. Chater,* 98 F.3d 966, 970 (7th Cir 1996) ("An ALJ may not substitute his or her judgment for that of a medical professional, nor may an ALJ make independent medical findings.")).

However, given the substantial evidence the ALJ pointed to in support of her determination that Porter's opinion lacked consistency and supportability, the Court finds no error in the ALJ's assessment of Porter's opinion.

### iv. Lauren Fisher, M.D.

On May 8, 2020 Lauren Fisher, M.D. (Fisher)—one of Plaintiff's treating physicians—opined on a check-the-box form provided by Plaintiff's attorney that due to pain Plaintiff would be off-task 30% of the workday, would be absent from work four days per month, and would not be capable of stooping. AR 869-71.

The ALJ found these opinions to be unsupported by objective medical evidence, inconsistent with the record as a whole, and based upon Plaintiff's self-reports. AR 138. The ALJ

explained that Fisher's opinion lacked a "detailed narrative analysis of objective medical findings or the claimant's medical treatment history to support her medical opinions", and was incongruent with generally unremarkable examination findings in the longitudinal record. *Id*. (citing AR 654, 660, 783, 799, 835, 858-59, 970, 979, 990, 1005, 1012, 1028, 1077, 1110, 1124).

Plaintiff insists these were not legally sufficient reasons to reject Fisher because Fisher had "extensive experience with Plaintiff at Providence, both as the primary care provider, and her referrals" and therefore was "better able than the ALJ, as a lay person, to make such assessments." Dkt. 14 at 16 (citing AR 662-748, 816-21, 840-52, 876-907, 1016-27, 1065-71, 1072-77). Yet, the record before the Court does not include any objective medical findings documented by Fisher or other Providence providers. Instead, these providers appeared to credit Plaintiff's subjective complaints even in the face of negative test results. For instance, in her Opening Brief Plaintiff points to David Brown, M.D., (on referral from Fisher) documenting a negative "prior Rheumatoloy evaluation at Fransciscan" while admitting that he nevertheless "believe[s] she has an underlying rheumatologic condition." Dkt. 14 at 16 (citing AR 884).

The Court concurs with the Commissioner that Fisher's failure to provide a detailed narrative analysis explaining what objective medical findings and treatment history support Fisher's check-box opinions undermines her opinion. Dkt. 18 at 11-12 (citing 20 C.F.R. § 404.1520c(c)(1)). The unremarkable, inconsistent examination findings in the longitudinal record also support the ALJ's conclusion that Fisher's opinion was less persuasive. *Id*. at 12 (citing AR 654, 657, 660, 783, 835, 859, 970, 974, 1054, 1095).

In conclusion, this Court finds substantial evidence supports the ALJ's partial rejection of Fisher's opined limitations, and therefore declines to supplant the ALJ's reasonable interpretation of this evidence with Plaintiffs'. *Tommasetti v. Astrue,* 533 F.3d 1035, 1038 (9th

Cir. 2008)(the Commissioner's decision must be affirmed if it is supported by substantial evidence and free of harmful legal error).

### v. Phillip Gibson, Ph.D.

On February 2, 2020 Phillip Gibson, Ph.D. (Gibson) performed a psychological examination of Plaintiff. AR 863-66. The ALJ credited many of Gibson's opinions, including that Plaintiff "would not have difficulty performing simple and repetitive tasks" but "would have difficulty accepting instructions from supervisors and interacting with coworkers and the public". AR 137.

The ALJ did not, however, find persuasive Gibson's opinion that Plaintiff would have difficulty maintaining regular attendance and completing a normal workday and workweek and dealing with the usual stress encountered in the workplace. AR 137, 866. The ALJ construed this part of the opinion to be "less persuasive" than other parts of Gibson's opinion when considering Plaintiff's mental health treatment and mental status examinations. Dkt. 137. The ALJ noted that although Plaintiff had taken psychotropic medications during the relevant period, she had not engaged in any other mental health treatment and the longitudinal record did not "show a level of treatment for acute mental health symptoms that would suggest the inability to maintain regular attendance and complete a normal workday and workweek for less demanding work within the parameters of the mental residual functional capacity." AR 137-138.

Plaintiff argues that in the course of making the above observations the ALJ overlooked record evidence of fatigue, pain, irritability and depression "most often cited in passing during tests and examinations for Plaintiff's many impairments …". Dkt. 14 at 17. However, the ALJ's review of the longitudinal record identified treatment notes indicating Plaintiff reported that her depression and anxiety improved with limited treatment (AR 136, 831), that these conditions

were both "controlled" and "manageable" (AR 136, 1019), and that her presentation was fully oriented with a normal mood and no signs or symptoms of depression (AR 136, 786, 791, 796, 844, 847).

The Court finds the ALJ cited substantial evidence to conclude that Gibson's opinion that Plaintiff would have difficulty maintaining regular attendance and completing a normal workday and workweek was not consistent with his own findings nor supported by the longitudinal record.

## CONCLUSION

For the foregoing reasons the Commissioner's final decision is AFFIRMED.

Dated this 20th day of October, 2022.

David W. Christel
United States Magistrate Judge